# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By DReese at 12:09 pm, Sep 01, 2016

In the matter of:  )
)  Chapter 13 Case
GLENN BOWMAN,  )
)  Number <u>16-41060-JSD</u>
    *Debtor.*  )

## OPINION ON ORDER GRANTING, IN PART, AND DENYING, IN PART, DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(3)(B)

Pending before the Court is Debtor's Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B) (the "Motion") (dckt.7) and an Objection to Motion to Stay (the "Objection") (dckt. 17) filed by the Debtor's landlord, William Long ("Long"), acting *pro se*. Because the Debtor had a prior case pending within the preceding 1-year period that was dismissed, the automatic stay under 11 U.S.C. 362(a) would terminate with respect to the debtor on the 30th day after the filing of this case. The Motion came on for hearing on July 28, 2016 and on August 3, 2016. Having considered the testimony of the Debtor and Long, and having reviewed the record in this case as well as the Debtor's prior case, for the reasons stated below Long's Objection is SUSTAINED and the Debtor's Motion to Extend the Automatic Stay is GRANTED, in part, and DENIED, in part.

## I. JURISDICTION

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and the Standing Order of Reference signed by then Chief Judge Anthony A. Alaimo on July 13, 1984. This is a "core proceeding" within the meaning of 28 U.S.C.

§ 157(b)(2)(G). In accordance with Bankruptcy Rule 7052, the Court makes the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT

### A. Procedural Background

The Debtor's prior Chapter 13 case was filed in this Court on May 7, 2015 (Case No. 15-40675-EJC). Shortly thereafter, the Debtor entered into a verbal residential lease with Long for a rental property in Effingham County, Georgia (the "Property"). Long was unaware of that pending 2015 bankruptcy case when he agreed to rent the property to Bowman and his family for $900 per month. Bowman paid the first month's rent and the last month's rent when he entered into the lease on June 1, 2015, together with a $500.00 security deposit. After making that initial payment of $2,300.00, the Debtor failed to make a timely rent payment again.

On June 8, 2016, Long filed a dispossessory action in the Magistrate Court of Effingham County, Georgia (Civil Action No. 16-664DS). On June 17, 2016, Debtor's counsel, Jeremiah B. Gastin, filed with the Magistrate Court a pleading titled "Stay on Account of Bankruptcy" in which he asserted that Bowman's Chapter 13 bankruptcy filing on May 7, 2015 "automatically stays further prosecution of this civil action, pursuant to 11 U.S.C. § 362."

On July 11, 2016, Bowman voluntarily dismissed his pending Chapter 13 case and promptly re-filed this new Chapter 13 petition the next day, July 12, 2016. (Dckt.1). The Debtor's proposed Chapter 13 plan in his newly filed case included the following under "other provisions": **Debtor accepts the rental contract with William F. Long and the back rent shall be paid in full through the Chapter 13 plan.** (Dckt. 4).

B. <u>Motion for Extension of Automatic Stay</u>

On July 12, 2016, the Debtor also filed, under oath, the instant Motion in which he recited the following facts in support of a finding that his current Chapter 13 case was filed in good faith:

> "The present case is filed in good faith, and warrants an extension of the stay as to all creditors scheduled herein: Dismissal of the prior case was due to circumstances for which the Debtor should not be held accountable, and the present case is filed in good faith: The Debtor's prior case was filed in May, 2016. Mr. Bowman made regular payments to the Trustee by salary deduction throughout the case, but fell behind on his rent payments and utility bills in 2016 due to unanticipated health problems. He could not afford to catch up these payments and pay the new medical bills that were incurred. As such, he dismissed the prior case, and filed again, in order to get relief from these problems. Mr. Bowman has a job in a stable position. Payments will be made by salary deduction. The Schedules filed with the Petition demonstrate that this case is feasible and represents his best effort to repay creditors. Further, there is no non-exempt equity in the debtor's real or personal property which creditors might attach if this case is dismissed or converted."

(Dckt. 7).

Long promptly filed his Objection asserting that the Debtor had paid no rent since May 2016 and that Long's dispossessory action filed on June 8, 2016 in Effingham County Magistrate Court was stayed by the prior bankruptcy case. (Dckt. 17)

C. <u>The Hearings</u>

The Court held a hearing on the Motion and the related Objection on July 28, 2016. The Debtor testified as to the circumstances which led him to dismiss his prior case on July 11, 2016, his new job with Keen Transport, and his wife's medical issues resulting from a workplace accident two years earlier. Further, the Debtor asserted that his wife will be employed soon at Ogeechee Tech and will be able to contribute to the household expenses. The Court also heard testimony about the Debtor's payment history under the lease with Long. Neither party produced an actual copy of the lease. At the hearing, the Debtor stated that he

could stay current with post-petition rent. To test that assertion, as it might reflect on the good faith in refiling his case, the Court continued the case until August 3, 2016 to see if debtor would pay the $900 due August 1, 2016.

The Court held a continued hearing on the Motion on August 3, 2016. The Court called the continued hearing at 9:15 a.m. The Debtor appeared with counsel but announced that he brought only $800.00 of the current rent due August 1, 2016. The Debtor explained that he could not get to the bank before 9:00 a.m. to get the additional $100.00. The Court continued the hearing until 11:00 a.m. to give the Debtor an opportunity to go to the bank and pay the post-petition rent for August. When the case was called again at 11:00 a.m., the Debtor announced that he was unable to bring the additional $100.00.

The Court then heard testimony from Long who advised, for the first time, that there was no *written* lease. Long did produce a copy of the "Stay On Account of Bankruptcy" which Debtor's counsel had served on him and filed with the Magistrate Court of Effingham County. Long testified that he wants the Debtor out of the rental property because he has been late with every payment and was three months behind on rent. At the conclusion of the hearing, the Court announced that the Debtor failed to carry his burden of proof that the present case was filed in good faith, at least as to Long.

## III. CONCLUSIONS OF LAW

A. Motions to Extend Stay After BAPCPA

With the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Congress amended the stay provisions with respect to certain individual debtors who file a new bankruptcy case within a year of the dismissal of their previously pending case or cases. *See* 11 U.S.C. § 362(c)(3). Pursuant to § 362(c)(3)(A), the stay of 11

U.S.C. § 362(a) terminates automatically as to the debtor on the 30th day after the filing of the new case if the debtor (1) is an individual currently in a case under chapter 7, 11, or 13; and (2) had one previous case under any chapter except "a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)" dismissed in the preceding year. 11 U.S.C. § 362(c)(3).

However, § 362(c)(3)(B) authorizes the Court to extend the automatic stay if four requirements are met: (1) a motion is filed requesting the automatic stay be extended; (2) there is notice and a hearing on the motion; (3) the hearing is completed within 30 days of the date of the petition; and (4) the movant must prove that the filing of the new case was "in good faith as to the creditors being stayed." 11 U.S.C. § 362(c)(3)(B).

In this case, the Debtor has met the first three requirements of § 362(c)(3)(B): (1) Debtor filed his Motion on the same day as his chapter 13 petition; (2) notice was sent; and (3) the hearing was completed before the expiration of the 30-day period. Thus, in order for the stay to continue, the Debtor must prove that his current chapter 13 case was filed in good faith as to the creditors affected by the stay.

The standard of proof that the moving party must meet to prove good faith depends on whether or not the statutory presumption of 11 U.S.C. § 362(c)(3)(C) applies in the particular case. Section 362(c)(3)(C) identifies several circumstances that will trigger the presumption that the case was filed not in good faith. If one or more of those specific conditions are present, the movant must rebut the presumption by clear and convincing evidence. However, if no presumption arises, the moving party must only carry its burden of proof by a preponderance of the evidence.

Section 362(c)(3)(C)(i) lists the following circumstances that will trigger the

5

presumption as to all creditors:

- the debtor had more than 1 case under chapter 7, 11, or 13 pending during the preceding year;[1]

- the debtor's previous case under chapter 7, 11, or 13 was dismissed during the preceding year after the debtor failed to: file or amend the petition or other documents without substantial excuse, provide adequate protection as ordered by the court, or to perform the terms of a confirmed plan;[2] or

- since the dismissal of the debtor's next most previous case under chapter 7, 11, or 13 there has not been a substantial change in the financial position or personal affairs of the debtor or any other reason to conclude that the present case will conclude with either a discharge under chapter 7 or a confirmed and fully performed plan under chapter 11 or chapter 13.[3]

The Court finds that the statutory presumption of bad faith does not arise in the present case. First, subsection (I) does not apply because the Debtor did not have more than one case pending within the one year preceding the filing of this current case. Second, subsection (II) does not apply because the Debtor voluntarily dismissed his prior Chapter 13 case. Third, subsection (III) does not apply because the Debtor has provided sufficient evidence of a change in his circumstances that would allow him to fully perform a proposed Chapter 13 plan. As previously mentioned, the Debtor testified that he is now employed and that this wife will also soon be employed and contribute to the household expenses. Accordingly, it is likely that the Debtor will have sufficient income to fully perform his proposed Chapter 13 plan. Because the presumption of § 362(c)(3)(C) does not arise, the Debtor is required to prove by a preponderance of the evidence that his current chapter 13 case was filed in good faith.

As will be explained, the Debtor has failed to meet such burden at least as to

---

[1] 11 U.S.C. § 362(c)(3)(C)(i)(I)

[2] 11 U.S.C. § 362(c)(3)(C)(i)(II)

[3] 11 U.S.C. § 362(c)(3)(C)(i)(III)

Long.[4] The Debtor's attempt to assume the lease and his past dealings with Long indicates that the petition was filed in bad faith as to Long. Specifically, it appears that the Debtor filed his petition for the sole purpose of hindering Long's ability to dispossess the Debtor.

B. <u>The Debtor's Improper Attempt to Assume the Lease</u>

In the present case, the Debtor proposes to assume his unexpired lease with Long and pay the rent arrearage over the life of the plan. As previously mentioned, the parties entered into a verbal, month-to-month lease of the Property on June 2, 2015. At no point was this arrangement set forth in a written agreement. Accordingly, at the time the parties entered into the lease, a tenancy at will was created under Georgia law. *In re Scott*, 209 B.R. 777, 783 (Bankr. S.D. Ga. Mar. 3 1997) ("[i]n Georgia, tenancies at will are often understood as a month to month arrangement between landlord and tenant"); *see also* O.C.G.A. § 44-7-6. However, at the time of the filing of the Debtor's petition, the extent of the Debtor's leasehold interest in the Property was uncertain.

In Georgia, a tenancy at will may be terminated at any time at the option of either party, but the tenant may release himself by 30 days' notice, while the landlord must give 60 days' notice. O.C.G.A. § 44-7-7. If a tenant holds over after a tenancy at will has been terminated, he becomes a tenant at sufferance.[5] *Solon Automated Servs., Inc. v. Corporation of Mercer University*, 221 Ga. App. 856, 860 (1996). However, if the landlord gives a tenant at sufferance express or implied permission to remain in possession after termination, the tenancy

---

[4] Based upon the lack of objection from other creditors and the Debtor's change in his financial and personal affairs, the Court finds that the Debtor has demonstrated by a preponderance of the evidence that the filing of his petition was in good faith as to all other creditors.

[5] No notice is required as a prerequisite to dispossessing a tenant at sufferance. *Carruth v. Carruth*, 77 Ga. App. 131, 134 (1948).

is converted back to a tenancy at will with its attendant 60-day termination requirement. As the Georgia Supreme Court explained:

> It takes very little to convert a tenancy at sufferance into a tenancy at will. Receipt of rent, demand for rent, or anything that indicates the permission of the landlord to the tenant to remain in possession will have this effect.

*Willis v. Harrell*, 118 Ga. 906, 909 (1903).

Although Long has made clear his intentions to terminate the lease, no evidence was presented as to when Long first provided the Debtor with adequate notice of such intent. At a minimum, sufficient notice was likely provided when Long filed his dispossessory action on June 8, 2016. If true, the lease would have been set to terminate on August 8, 2016 (28 days after the filing of the Debtor's petition). At that time, the Debtor would become a tenant at sufferance and subject to dispossession without notice. However, Long's interactions with the Debtor after filing the dispossessory action could have potentially "revived" the tenancy at will, requiring him to provide 60 days' notice to terminate the lease.

Regardless, the Court finds it unnecessary to determine the exact nature of the Debtor's leasehold interest at the time he filed his petition. As will be explained, the Debtor's attempt to assume whatever leasehold interest he may have had at the time of filing serves only to delay Long's dispossession of the Debtor. Assuming, without deciding, that the Debtor held an unexpired leasehold interest at the time he filed his petition, he may attempt to assume such lease pursuant to 11 U.S.C. § 365.[6] However, once assumed, the Debtor obtains no more rights

---

[6] The Court has its doubts as to whether the Debtor could successfully assume his lease with Long. As of the petition date, the Debtor was in arrears in rent, and thus in default of the lease. In order to assume the defaulted lease, section 365(b)(1) requires the Debtor to: 1) cure, or provide adequate assurance that the he will *promptly* cure, such default; 2) compensate, or provide adequate assurance that he will promptly compensate, Long for any actual pecuniary loss resulting from the default; and 3) provide adequate assurance of future performance under the lease. First, the Debtor's Chapter 13 plan proposes to pay the rent arrearage to Long over

in the lease than he held on the petition date. *In re Nittolo*, 2012 WL 1940577 (Bankr. N.D. Ga. 2012); *see also In re Lucre, Inc.*, 339 B.R. 648, 654-55 (Bankr. W.D. Mich. 2006) ("[t]he corollary of the Section 541 'neutral transfer' rule is that the trustee or debtor-in-possession can have no greater or different rights than the debtor with respect to an executory contract or unexpired lease unless the Bankruptcy Code itself provides those rights").

As previously mentioned, the Debtor's interest in the Property, as of the petition date was, at best, a tenancy at will. Therefore, despite the Debtor's bankruptcy filing, Long would still have the right to terminate the tenancy at his option by providing sixty days' notice. *Nittolo*, at \*3 (the filing of a bankruptcy petition stays, but does not destroy, a landlord's right to terminate a tenancy at will); *Matter of Schewe*, 94 B.R. 938, 950 (Bankr. W.D. Mich. 1989) (a landlord's right to terminate a tenancy at will "is not vitiated by the bankruptcy filing except for the delay occasioned by the automatic stay.").

Based upon the filing of his dispossessory action and objection to extension of the automatic stay, Long has made it clear to the Debtor and this Court that he intends to terminate his lease with the Debtor. By proposing to assume the lease and cure the rent arrearage over the life of the plan, the Debtor appears to be attempting to transform what is in effect a soon-to-be terminated lease into a long-term tenancy with Long. However, as a tenant at will, the Debtor may not compel Long to continue renting the property to him. At most, the Debtor could refuse to leave until the minimum amount of time necessary for Long to obtain

---

the life of the plan. The Court does not believe this to be a "prompt" cure of the default. Further, the Debtor's inability to provide his August rent at the August 3, 2016 hearing is a poor indication of his future ability to perform under the lease.

relief from the stay[7] and effect a dispossession under Georgia law. Accordingly, the Court finds that the Debtor filed his petition in bad faith as to Long because it serves only to delay Long's inevitable dispossession of the Debtor.

C. <u>The Debtor's History With Long</u>

The Court also finds that the Debtor's history with Long provides further indication of his bad faith in filing the petition. First of all, the Debtor failed to disclose to Long that he was currently in bankruptcy at the time the parties entered into the lease agreement. At the August 3, 2016 hearing, Long testified that he would not have rented the Property to the Debtor had he known such information. Second, the Debtor has previously delayed Long's attempts at dispossession. After Long filed his dispossessory action against the Debtor for failure to pay rent, the Debtor filed a Stay on Account of Bankruptcy with the Magistrate Court, which stayed the dispossessory proceeding. Shortly thereafter, the Debtor dismissed his prior Chapter 13 case and immediately refiled the instant case in order to pay his rent arrearage through his Chapter 13 plan. In addition, the Debtor proposed to assume the lease despite Long's clear desire to no longer rent the Property to the Debtor. Last, the Debtor has not shown any indication that he will make an effort to remain current and timely pay his rent to Long. Apart from his initial deposit, the Debtor has been consistently late on his rent and has not paid rent since May 2016. In fact, the Debtor had an opportunity to show this Court his good faith by making his August 2016 rent payment on time, but failed to do so.

---

[7] Courts have found the existence of "cause" to permit a landlord relief from the automatic stay to terminate a tenancy at will because the landlord's ability to terminate the tenancy at his option is not affected by a bankruptcy filing. *Nittolo*, 2012 WL 1940577 at *3; *see also Schewe*, 94 B.R. 938. Accordingly, Long would likely be entitled to relief from the automatic stay if he were to request such relief.

## VI. CONCLUSION

Upon review of the parties' testimony and the record in both of the Debtor's cases, the Court finds that the Debtor did not prove by a preponderance of the evidence that his current Chapter 13 case was filed in good faith as to Long.

Dated at Savannah, Georgia, this 1st day of September, 2016.

_____
Edward J. Coleman, III, Judge
United States Bankruptcy Court
Southern District of Georgia